RECEIVED
MAY 1 1 2005
LARRY W. PROPES, CLERK
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Albert Williams**, # 50606-004, | ) C/A No. 9:05-1297-HFF-GCK |
| Petitioner, | ) |
| vs. | ) ORDER |
| **Ruth Yancey**, Warden of FCI-Williamsburg, | ) |
| Respondent. | ) |



A Petition for Writ of Habeas Corpus has been submitted to the Court under 28 U.S.C. § 2241. The Clerk of Court may file the pleadings as of the date they are received for docketing.[1] When docketing this case, the Office of the Clerk of Court should enter as parties the persons whose names appear in the caption of this order.[2]

The petitioner's claims raised in the above-captioned case[3] are not cognizable under 28 U.S.C. § 2241 in the Fourth Judicial Circuit. Accordingly, the Office of the Clerk of Court is directed not to authorize the issuance and

---

[1]In the event that a limitations issue arises in the above-captioned case, the petitioner will have the benefit of the holding in Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988)(prison mailbox rule). The Houston v. Lack "delivery" date in the above-captioned case is April 28, 2005.

[2]The petitioner has misspelled the surname of the respondent. The correct spelling of the respondents' surname is Yancey, not Yancy. The Clerk of Court is directed to enter the correct spelling.

[3]The Office of the Clerk of Court has recently implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

service of process in the above-captioned case, unless it (the Office of the Clerk of Court) is instructed by a United States District Judge or a Senior United States District Judge to do so.

The petitioner is a *pro se* litigant. His attention is directed to the following important notice:

### TO THE PETITIONER:

You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address **and providing the Clerk of Court with the docket numbers of all pending cases you have filed with this court.** Your failure to do so will not be excused by the court.

Put this order with your own record of this case so that you will not overlook your duty. If an attorney serves you by mail on behalf of a defendant or a respondent, you also have a duty to notify that attorney if your address is to be changed for mail purposes.

The petitioner is, hereby, informed that if his address changes in the future, he must provide *his* prison or jail address (or his new address if he is released from jail or prison). Hence, the Office of the Clerk of Court shall not enter any change of address submitted by the petitioner which directs that mail be sent to a person other than the petitioner (unless, of course, that person is an attorney admitted to practice before this court who has entered a formal appearance).

(Standard change of address order, which is issued in all *pro se* cases in the District of South Carolina).[4] For the petitioner's future reference, if the petitioner wants copies (of items that he files with the Clerk of Court) returned to him, he (the petitioner) must provide the copies and a self-addressed envelope with sufficient postage attached to the envelope.

In all future filings with this Court, the petitioner is directed to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper.[5] The petitioner is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom and sides of each paper submitted. The plaintiff will strictly comply with requirements for "short and plain" statements of claims and defenses in all pleadings under Rule 8 Federal Rules of Civil Procedure (Fed. R. Civ. P.) as well as the requirements for "concise summary," "concise statement" and "brevity" set forth in Local Civil Rule 7.05 of the United States District Court for the District of South Carolina.

IT IS SO ORDERED.

May //, 2005  
Charleston, South Carolina

George C. Kosko  
United States Magistrate Judge

---

[4] The first two paragraphs of the standard change of address order were adopted by the United States District Judges of this court in the autumn of 1992. The language in those two paragraphs takes into account two unpublished opinions of the Court of Appeals concerning change of address orders issued by district courts: Brandon v. Marsh, 942 F.2d 48, 1991 U.S.App. LEXIS® 19776, 1991 WESTLAW® 164880 (4th Cir., August 26, 1991); and Snyder v. Hopkins, 888 F.2d 1387, 1989 U.S.App. LEXIS® 16051, 1989 WESTLAW® 126742, 15 Fed.R.Serv. (Callaghan) 238 (4th Cir., October 20, 1989).

[5] Pursuant to Section 205 of the E-Government Act of 2002, Pub. L. 107-347, December 17, 2002, 111 Stat. 2899, this court has implemented Case Management-Electronic Case Filing (CM-ECF). For this purpose, *pro se* filings are scanned to create electronic docket records. Therefore, the use of only one side of a sheet of paper is required. Also, double-sided pages are difficult to "scan" into the CM-ECF system.